LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and Class Members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

ADRIAN SANCHEZ,
MARCOS FERNANDEZ,
NICOLAS ARMANDO,
BALDOMERO PEREZ,
and ALEJANDRA GARCIA,
*on behalf of themselves,*
*FLSA Collective Plaintiffs,*
*and Class Members*,

               Plaintiffs,

    v.

BURGERS & CUPCAKES LLC
d/b/a BURGERS & CUPCAKES,
MITCHEL LONDON INC.
d/b/a MITCHEL LONDON FOODS,
MITCHEL LONDON,
and CARMELA LONDON,

               Defendants.

———————————————————————

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs, ADRIAN SANCHEZ, MARCOS FERNANDEZ, NICOLAS ARMANDO,

BALDOMERO PEREZ, and ALEJANDRA GARCIA ("Plaintiffs"), on behalf of themselves and

others similarly situated, by and through their undersigned attorneys, hereby file this Class and

Collective Action Complaint against Defendants, BURGERS & CUPCAKES LLC d/b/a BURGERS & CUPCAKES, MITCHEL LONDON INC. d/b/a MITCHEL LONDON FOODS (hereinafter, the "Corporate Defendants"), MITCHEL LONDON, and CARMELA LONDON (hereinafter, the "Individual Defendants," and, collectively with the Corporate Defendants, "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid minimum wages, including those due to an improperly claimed tip credit, (3) compensation for unpaid off-the-clock work, (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid minimum wages, including those due to an improperly claimed tip credit, (3) compensation for unpaid off-the-clock work, (4) compensation for unpaid spread of hours premiums, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

3.      Plaintiff ADRIAN SANCHEZ further alleges that he is entitled to recover compensatory damages from Defendants, resulting from their breach of contract.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.    The Plaintiffs:

(a)      Plaintiff, ADRIAN SANCHEZ, for all relevant time periods, was a resident of New York County, New York.

(b)      Plaintiff, MARCOS FERNANDEZ, for all relevant time periods, was a resident of New York County, New York.

(c)      Plaintiff, NICOLAS ARMANDO, for all relevant time periods, was a resident of Kings County, New York.

(d)      Plaintiff, BALDOMERO PEREZ, for all relevant time periods, was a resident of Queens County, New York.

(e)      Plaintiff, ALEJANDRA GARCIA, for all relevant time periods, was a resident of New York County, New York.

7.    Upon information and belief, the Defendants collectively operate:

(a)      A restaurant, doing business under the trade name "Burgers and Cupcakes", located at 458 9th Avenue, New York, NY 10018;

(b)      A food delivery and catering service, doing business under the trade name "Mitchel London Catering," and headquartered at 347 West 22nd Street, #7, New York, NY 10011.

(c)      Until it closed in 2014, Defendants also operated a second restaurant, which did business under the trade name "Mitchel London Foods," and was located at 22A East 65th Street, New York, NY 10065.

Collectively, the "Burgers and Cupcakes" restaurant, the "Mitchel London Catering" food delivery and catering service, and the "Mitchel London Foods" restaurant are hereinafter "the Businesses".

8. The Corporate Defendants:

(a) BURGERS & CUPCAKES LLC d/b/a BURGERS & CUPCAKES is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 458 9th Avenue, New York, NY 10018.

(b) MITCHEL LONDON INC. d/b/a MITCHEL LONDON FOODS is a domestic business corporation organized under the laws of New York, with a principal place of business located at 347 West 22nd Street, #7, New York, NY 10011, and an address for service of process located at c/o Mitchel London Foods, 22A East 65th Street, New York, NY 10065.

9. The Individual Defendants:

(a) MITCHEL LONDON is the Chairman and Chief Executive Officer of all Corporate Defendants. MITCHEL LONDON exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Businesses. At all times, employees could complain to MITCHEL

4

LONDON directly regarding any of the terms of their employment, and MITCHEL LONDON would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MITCHEL LONDON regularly visits the Businesses and he directly reprimands any employee who does not perform his duties correctly.

MITCHEL LONDON additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. MITCHEL LONDON exercises functional control over the business and financial operations of all Corporate Defendants.  He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Businesses are operating efficiently and profitably.

(b)     CARMELA LONDON is a principal and owner of all Corporate Defendants. CARMELA LONDON exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. She exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Businesses. At all times, employees could complain to CARMELA

LONDON directly regarding any of the terms of their employment, and CARMELA LONDON would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. CARMELA LONDON regularly visits the Businesses and she directly reprimands any employee who does not perform his duties correctly.

CARMELA LONDON additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. CARMELA LONDON exercises functional control over the business and financial operations of all Corporate Defendants. She ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Businesses are operating efficiently and profitably.

10.     The Businesses operate as a single integrated enterprise. They are engaged in related activities, share common ownership and have a common business purpose.

(a)     The Businesses are commonly owned and operated by the Individual Defendants and Corporate Defendants.

(b)     The Businesses are advertised jointly as a common enterprise on Defendants' website, http://mitchellondonfoods.com.

(c)     The Businesses serve many of the same menu items, including breakfast foods such as scrambled eggs and pancakes, as well as an assortment of cupcakes.

6

(d)     On Defendants' website, Defendants' now-closed restaurant, "Mitchel London Foods," is specifically referenced as the predecessor to Defendants' food delivery and catering business, "Mitchel London Catering".

(e)     The Businesses share facilities used for cooking, baking and food preparation.

(f)     Merchandise and employees are interchangeable amongst the Businesses. In fact, Plaintiff ADRIAN SANCHEZ worked as a cook for both the "Burgers and Cupcakes," restaurant and the "Mitchel London Catering," food delivery and catering business.

(g)     The Businesses share a payroll. Wage statements for employees at the "Burgers and Cupcakes" restaurant are issued from MITCHEL LONDON FOODS.

11.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

13.     Although all Plaintiffs did not work at each of the Businesses, all of the Businesses are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because all of the Businesses share identical illegal wage and hour policies, the Businesses and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom Plaintiffs seek to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, food preparers, cooks, waiters, porters, bussers, line-cooks, dishwashers, cleaning persons, counter persons and stock persons) employed by Defendants at the Businesses on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the prevailing federal minimum wage, (ii) overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (iii) to compensate them for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. With respect to employees who were tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they (i) did not take the proper amount of tip credit allowance allowed under the New York Labor Law, (ii) caused tipped employees to engage at least 20% of their working hours in non-tipped activities. Plaintiff ALEJANDRA GARCIA is a member of both the Class and the Tipped Subclass.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, delivery persons, food preparers, waiters, porters, bussers, cooks, line-cooks, dishwashers, cleaning persons, counter persons and stock persons employed by Defendants at the Businesses on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass"), including but not limited to delivery persons and waiters. Plaintiff ALEJANDRA GARCIA is a member of both the Class and the Tipped Subclass.

20.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay minimum wage, (ii) failing to pay overtime premiums, (iii) failing to pay spread of hours, (iv) time-shaving, (v) failing to provide wage statements that were in compliance with the requirements set forth by the New York Labor Law, and (v) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to satisfy all statutory requirements for taking a tip credit.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)   Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e)   Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

f)   Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by the New York Labor Law;

g)   Whether Defendants paid Plaintiffs and Class members the New York state minimum wage for all hours worked;

h)   Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

i)   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

j)   Whether Defendants caused the Tipped Subclass to engage in non-tipped duties exceeding twenty percent (20%) of each workday;

k)      Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

l)      Whether Defendants failed to compensate Plaintiffs for hours worked off the clock;

m)     Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by the New York Labor Law.

## STATEMENT OF FACTS

25.   Plaintiff, ADRIAN SANCHEZ:

(a)     In or around October 2008, Plaintiff ADRIAN SANCHEZ was hired by Defendants to work for the "Burgers and Cupcakes" restaurant, located at 458 9th Avenue, New York, NY 10018. Plaintiff SANCHEZ worked for Defendants until the termination of his employment on or about November 24, 2015. On or about December 10, 2015, Plaintiff SANCHEZ was re-hired by Defendants. Plaintiff SANCHEZ's employment by Defendants terminated on or around February 28, 2016.

(b)     From on or about October 1, 2008 to on or about December 31, 2011, Plaintiff SANCHEZ worked as a dishwasher for Defendants' "Burgers and Cupcakes" restaurant. During this period, Plaintiff SANCHEZ worked six (6) days per week, from 12 PM until approximately 11 PM, working a total of approximately sixty-six (66) hours per week. During this period, Plaintiff SANCHEZ was compensated at a straight time hourly rate of $7.25 during this period for the first sixty (60) hours that he worked each week.

(c)     Although the "Burgers and Cupcakes" restaurant closed at 10 PM, Plaintiff SANCHEZ was required by Defendants to work until 11 PM every night. Plaintiff SANCHEZ was never compensated for working between 10 PM and 11 PM each day during this period, for a total of six (6) uncompensated work hours per week.

(d)     From on or about January 1, 2012 to on or about February 28, 2014, Plaintiff SANCHEZ worked six (6) days per week, between 6 AM and 4 PM, for a total of sixty (60) hours per week. During this period, Plaintiff SANCHEZ was compensated at a straight time hourly rate of $7.50 per hour for all hours worked, including those hours that he worked in excess of forty (40) each work week ("overtime hours").

(e)     From on or about March 1, 2014 to on or about November 24, 2015 Plaintiff SANCHEZ worked as a cook for Defendants' "Burgers and Cupcakes" restaurant. He worked six (6) days per week, from 11:30 AM to 10 PM. Plaintiff SANCHEZ was compensated for working at the "Burgers and Cupcakes" restaurant at a straight time hourly rate of $12.00 during this period for all hours worked, including overtime hours.

(f)     Starting on or about July 1, 2014, until November 24, 2015 (when his employment was terminated), Plaintiff SANCHEZ was required by Defendants to cook for "Mitchel London Catering," Defendants' food delivery and catering business, in addition to the work he was required to perform at "Burgers and Cupcakes". Plaintiff SANCHEZ was required to cook for "Mitchel London Catering" from 10 PM until 12:30 AM, immediately following each shift he worked at the "Burgers and Cupcakes" restaurant. Although Plaintiff SANCHEZ was promised by Defendants that he would receive ten percent (10%) of the gross revenue earned from sales of the food that he

14

cooked for "Mitchel London Catering", Plaintiff SANCHEZ never received the percentage of the gross revenue that he was promised by Defendants. In total, Plaintiff SANCHEZ worked between seventy-one (71) and seventy-eight (78) hours per week during this period, receiving compensation at a straight time hourly rate of $12.00 for all hours worked, including overtime hours.

(g)     Upon resuming his employment with Defendants from December 10, 2015 until the termination of his employment on or about February 28, 2016, Plaintiff SANCHEZ worked as a cook for Defendants' "Burgers and Cupcakes" restaurant. He worked six (6) days per week, from 11:30 AM to 10 PM. During this period, Plaintiff SANCHEZ was compensated for working at the "Burgers and Cupcakes" restaurant at a straight time hourly rate of $12.00 for all hours worked, including overtime hours.

(h)     Throughout his employment by Defendants, Plaintiff SANCHEZ was paid for working forty (40) hours per week by check, and compensated for the remaining hours that he worked each week in cash at a straight time hourly rate. The wage statements received by Plaintiff SANCHEZ only included the forty (40) hours per week that he was compensated for in check form.

(i)     During his employment by Defendants, Plaintiff SANCHEZ never received annual wage and hour notices.

(j)     During his employment by Defendants, Plaintiff SANCHEZ was never provided with spread of hours premiums for working shifts extending over ten (10) or more hours.

26.    Plaintiff, MARCOS FERNANDEZ:

(a)      In or around January 2006, Plaintiff MARCOS FERNANDEZ was hired by Defendants to work as a counterman for the "Burgers and Cupcakes" restaurant, located at 458  9th Avenue, New York, NY 10018. Plaintiff FERNANDEZ is currently employed by Defendants.

(b)      Throughout his entire employment by Defendants, Plaintiff FERNANDEZ has worked as a counterman at Defendants "Burgers and  Cupcakes" restaurant. Plaintiff FERNANDEZ works six (6) days per week, from 12 PM to 11 PM, for a total of sixty-six (66) hours per week. Since on or about April 2010, Plaintiff FERNANDEZ has received compensation at a straight time hourly rate of $10.00 per hour for all hours worked, including overtime hours.

(c)      Plaintiff FERNANDEZ is paid for working forty (40) hours per week by check, and compensated in cash for the remaining hours that he worked each week at a straight time hourly rate. Plaintiff FERNANDEZ's wage statements include only forty (40) of the hours that he works per week.

(d)      During his employment by Defendants, Plaintiff FERNANDEZ has never been provided with spread of hours premiums for working shifts spread over ten (10) or more hours.

(e)      During his employment by Defendants, Plaintiff FERNANDEZ never received a wage and hour notice, either upon his hiring, or annually thereafter.

27.      Plaintiff, NICOLAS ARMANDO:

(a)      On or about June 1, 2014, Plaintiff ARMANDO was hired by Defendants to work as a dishwasher for the "Burgers and Cupcakes" restaurant,

located at 458 9th Avenue, New York, NY 10018. Plaintiff ARMANDO was employed by Defendants until on or about October 31, 2015.

(b)     From the start of his employment by Defendants on or about June 1, 2014 until on or about July 31, 2015, Plaintiff ARMANDO worked six (6) days per week, between 3 PM and 11 PM, for a total of forty-eight (48) hours per week. During this period, Plaintiff ARMANDO was compensated by Defendants at a straight time hourly rate of $8.00 for all hours worked, including overtime hours.

(c)     From on or about August 1, 2015, until the end of his employment by Defendants on or about October 31, 2015, Plaintiff ARMANDO worked at the "Burgers and Cupcakes" Restaurant from 4 PM until 11 PM for five (5) days per week as a dishwasher, for which he was compensated at a straight time hourly rate of $8.00 for all hours worked, including overtime hours. Additionally, during the same period of time, Plaintiff ARMANDO worked from 11 AM until 11 PM for one (1) day per week as a cook for Defendants "Burgers and Cupcakes" Restaurant, for which he was compensated at a straight time hourly rate of $12.00 for all hours worked, including overtime hours.

(d)     Throughout his employment by Defendants, Plaintiff ARMANDO was paid for working forty (40) hours per week by check, and compensated for the remaining hours that he worked each week in cash at a straight time hourly rate. Plaintiff ARMANDO was never provided with any wage statements during his employment by Defendants.

(e)     During his employment by Defendants, Plaintiff ARMANDO was never provided with spread of hours premiums for working shifts spread over ten (10) or more hours.

17

(f)       During his employment by Defendants, Plaintiff ARMANDO was never provided with a wage and hour notice upon his hiring, or annually thereafter.

28.       Plaintiff, BALDOMERO PEREZ:

(a)       In or around 1996, Plaintiff PEREZ was hired by Defendants. From before May 2010 until the present, he has worked as a cook for the "Burgers and Cupcakes" restaurant, located at 458 9th Avenue, New York, NY 10018. Plaintiff PEREZ is currently employed by Defendants.

(b)       Between May 2010, and continuing into the present, Plaintiff PEREZ works six (6) days per week, between 7 AM and 6 PM, for a total of sixty-six (66) hours per week.

(c)       Between in or about May 2010 and on or about June 1 2012, Plaintiff PEREZ received compensation at a straight time hourly rate of $10.00 per hour for all hours worked, including overtime hours. From on or about June 1, 2012 until on or about October 1, 2015, Plaintiff PEREZ was compensated at a straight time hourly rate of $12.00 per hour for all hours worked, including overtime hours. Since on or about October 1, 2015, and up to and including today, Plaintiff PEREZ has been compensated at a straight time hourly rate of $15.00 per hour for all hours worked, including overtime hours.

(d)       During this entire period (2010-present), Plaintiff PEREZ has been paid for working forty (40) hours per week by check, and compensated in cash for the remaining hours that he worked each week at a straight time hourly rate. Plaintiff PEREZ receives wage statements from Defendants including only forty (40) of the hours that he works per week.

(e)     Since 2010, and up to and including the present day, Plaintiff PEREZ has not received any wage and hour notices annually, as required under the NYLL.

(f)     During his employment by Defendants, Plaintiff PEREZ has never been provided with spread of hours premiums for working shifts spread over ten (10) or more hours.

29.     Plaintiff, ALEJANDRA GARCIA:

(a)     In or around April 2012, Plaintiff ALEJANDRA GARCIA was hired by Defendants to work for the "Burgers and Cupcakes" restaurant, located at 458 9th Avenue, New York, NY 10018. Plaintiff GARCIA worked for Defendants until the termination of her employment on or about March 31, 2016.

(b)     During her employment by Defendants, Plaintiff GARCIA held multiple positions, including those of waitress and file clerk.

(c)     Throughout her employment by Defendants, Plaintiff GARCIA worked six (6) hours per day, for two (2) days per week as a waitress, and four (4) hours per day for one day per week as a file clerk performing office work.

(d)     Plaintiff GARCIA was compensated at a straight time hourly rate of $5.25 per hour for working as a waitress for all hours worked, including overtime hours. She was compensated at a straight time hourly rate of $12.00 per hour for working as a file clerk for all hours worked, including overtime hours.

(e)     During her employment by Defendants, while working as a waitress Plaintiff GARCIA was required to spend more than fifty percent (50%) of each shift engaged in non-tipped duties, which included cleaning walls, picking up phones, washing dishes, sweeping and mopping.

(f)    During her employment by Defendants, while working as a waitress, Plaintiff GARCIA did not receive notice that Defendants were taking a tip credit, in violation of the New York Labor Law. In addition, Plaintiff GARCIA did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

28.    Defendants paid Plaintiffs SANCHEZ, ARMANDO, GARCIA, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing federal and New York State minimum wages.

29.    During their employment by Defendants, Plaintiff GARCIA and the Tipped Subclass were required to engage in non-tipped activities for at least two (2) hours per shift or twenty percent (20%) of their workday.

30.    Plaintiff GARCIA and the Tipped Subclass did not receive notice that Defendants were taking a tip credit, in violation of the New York Labor Law. In addition, Plaintiff GARCIA and the tipped Subclass did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.  They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

31.    Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants paid them straight time rates for all hours worked, never paying them the required overtime premium rate of one and one half times their base hourly wage, due under both the FLSA and the NYLL.

32.    Plaintiff SANCHEZ, FLSA Collective Plaintiffs, and Class members were not compensated by Defendants for all hours worked.

33.     Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded (ten) 10 hours in length. Defendants never paid them a "spread of hours" premium for those days, as required by NYLL.

34.     Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for those hours they worked in excess of 40 in each workweek.

35.     At no time during the relevant time periods did Defendants provide Plaintiff ARMANDO or Class members with wage statements, as required by the NYLL. In fact, Defendants failed to provide Plaintiff ARMANDO and Class members with wage statements or any other type of receipt or pay stub.

36.     Defendants provided Plaintiffs SANCHEZ, FERNANDEZ, PEREZ, GARCIA and Class members with wage statements that covered only forty (40) of the hours that they worked per week. Plaintiffs were compensated for hours in excess of forty (40) in cash. Defendants failed to provide Plaintiff SANCHEZ, FERNANDEZ, PEREZ and GARCIA and Class members with wage statements or any other type of receipt or pay stub for those hours that they worked in excess of forty (40) per week.

37.     Defendants failed to compensate Plaintiff SANCHEZ with ten percent (10%) of the gross revenue from the food that he cooked for the "Mitchel London Catering" food delivery and catering business, in violation of their contractual agreement.

38.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF**

**PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS**

39.     Plaintiffs reallege and reaver Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

43.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

44.     At all relevant time, Defendants engaged in a policy and practice of refusing to pay the prevailing federal minimum wage to Plaintiff GARCIA and FLSA Collective Plaintiffs.

44.     At all relevant times, Defendants engaged in a policy and practice of time-shaving, refusing to compensate Plaintiff SANCHEZ and FLSA Collective Plaintiffs for all hours worked.

45.     Plaintiffs are in possession of certain records concerning the number of hours

worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, unpaid minimum wage and wages to compensate for Defendants' policy of time-shaving, plus an equal amount as liquidated damages.

49.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

50.     Plaintiffs reallege and reaver Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in each workweek.

53.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

54.     Defendants willfully violated Plaintiffs' SANCHEZ, ARMANDO, GARCIA and Class members' rights by failing to pay Plaintiffs SANCHEZ and ARMANDO and Class members minimum wages in the lawful amount for hours worked.

55.     Defendants willfully violated Plaintiff SANCHEZ and Class members' rights by failing to pay them for all hours worked.

56.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

57.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

58.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

59.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, compensation for off the clock hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**<u>BREACH OF CONTRACT ON BEHALF OF PLAINTIFF SANCHEZ</u>**

60.     Plaintiffs reallege and reaver Paragraphs 1 through 59 of this class and collective action Complaint as if fully set forth herein.

61.     Defendants offered Plaintiff SANCHEZ ten percent (10%) of the gross revenue earned from sales of the food that he cooked for Defendants "Mitchel London Catering" business, in consideration for his time and labor.

62.     Plaintiff SANCHEZ accepted Defendants' offer.

63.     Plaintiff SANCHEZ cooked food for Defendants' "Mitchel London Catering" business, pursuant to his above-mentioned agreement with Defendants.

64.     Defendants failed to provide Plaintiff SANCHEZ with ten percent (10%) of the gross revenue earned from the sales of the food that he cooked for the "Mitchel London Catering" business. In fact, Defendants failed to compensate Plaintiff SANCHEZ at all for the time and labor that he expended on cooking food for the "Mitchel London Catering" business.

65.     Plaintiff SANCHEZ is entitled to recover compensatory damages from Defendants, due to Defendants' breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.       An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.       An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.       An award of unpaid spread of hours premium due under the New York Labor Law;

f.       An award of compensation due under the FLSA and the New York Labor Law for unpaid wages resulting from Defendants' policy of time-shaving;

g.       An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.       An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

i.       An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

j.       An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.       An award of compensatory damages to Plaintiff SANCHEZ as a result of Defendants' breach of contract

l.       Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m.       Designation of this action as a class action pursuant to F.R.C.P. 23;

n.       Designation of Plaintiffs as Representatives of Class; and

o.       Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 24, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and Class Members*

By:  */s/C.K. Lee*
　　　C.K. Lee (CL 4086)