U.S. Department of Labor     Office of the Solicitor
Washington, D.C. 20210



January 13, 2017

Honorable Valerie E. Caproni
United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

RE: <u>Sanchez et. al. v. Burgers and Cupcakes, LLC</u>, 16-CV-3862

Dear Judge Caproni:

This Court asked the Secretary of Labor for the views of the U.S. Department of Labor ("Department" or "DOL") on an issue presented in the above-captioned case, which is currently pending before this Court. In response, the Secretary files this letter brief addressing the issue presented: whether Rule 68(a) of the Federal Rules of Civil Procedure ("Rule 68") may be used to terminate a case under the Fair Labor Standards Act ("FLSA" or "the Act") without any fairness determination by either the Court or DOL.[1] As discussed below, it is the Secretary's position that an FLSA plaintiff may not accept from a private employer a Rule 68(a) offer of judgment that terminates her claim with prejudice unless the offer is approved by a court or supervised by DOL, consistent with the view that the Department has long maintained, as well as the view recently adopted by the U.S. Court of Appeals for the Second Circuit in the context of Rule 41 in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), <u>cert. denied,</u> 136 S. Ct. 824 (2016), that an employee cannot waive or compromise her FLSA claim by private agreement unless the agreement is approved by a court or DOL.

---

[1] Rule 68(a) states:

Offer of Judgment

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

**Background**

1. On May 24, 2016, Adrian Sanchez, Marcos Fernandez, Nicolas Armando, Baldomero Perez, and Alejandra Garcia, who work or worked at Burgers and Cupcakes, Mitchel London Catering, or the now out-of-business Mitchel London Foods ("the Defendants"), filed a Class and Collective Action complaint alleging that they are entitled to unpaid overtime wages, unpaid minimum wages, liquidated damages, statutory penalties, and attorneys' fees and costs under the FLSA and New York Labor Law ("NYLL"). See Sanchez et. al. v. Burgers and Cupcakes LLC, 16-CV-3862, ECF No. 1.[2] On or around September 16, 2016, Baldomero Perez filed a notice of dismissal of his claims without prejudice. See 16-CV-3862, ECF No. 38.[3]

2. Following an initial court conference and settlement discussions, the Defendants made an offer of judgment to Plaintiffs Sanchez, Fernandez, Armando, and Garcia ("the Plaintiffs") pursuant to Rule 68(a) on October 14, 2016. See 16-CV-3862, ECF Nos. 30, 36, 36-1. Under the terms of their Rule 68(a) offer, the Defendants propose to enter judgment "in favor of [the Plaintiffs] in the amount of $19,200.00, inclusive of all damages, liquidated damages, interest, reasonable attorneys' fees, costs and expenses actually incurred" and to "provide payment on the offer by providing to Plaintiffs' counsel 24 post-dated checks in the amount of $800 each representing a monthly payment for each month of the next 24 month period." See 16-CV-3862, ECF No. 36-1.[4] The Defendants' offer was made "on all or nothing basis" and "in full satisfaction and settlement of all claims that are, could have been or could be asserted by them against Defendants in this action." See id. at 3. Moreover, the offer was to be "deemed rejected unless Plaintiffs serve[d] a written acceptance of this offer within fourteen (14) days of service upon them." See id. On October 19, 2016, the Plaintiffs accepted the Defendants' offer of judgment pursuant to Rule 68(a) and provided notice of acceptance to the court. See 16-CV-3862, ECF No. 36.

3. On October 27, 2016, this Court issued an order "invit[ing] the Department of Labor to notify the Court on or before November 10, 2016, if it wishe[d] to be heard on whether Rule 68(a) can be used to terminate an FLSA case without any fairness determination by either the court or the Department of Labor," "[i]n light of the concerns raised by the Second Circuit in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 205-06 (2d Cir. 2015) regarding the need to ensure that plaintiffs in [FLSA] cases receive fair settlements in exchange for compromising wage and hour claims and the concerns raised by Chief Judge McMahon regarding application of Rule 68(a) in FLSA cases, see Baba v. Beverly Hills Cemetery Corp., No. 15-cv-5191, 2016 WL 29035971, at *1 (May 9, 2016)." 16-CV-3862, ECF No. 39. Upon learning that the October 27

---

[2] Plaintiff Adrian Sanchez also asserts a breach of contract claim. See 16-CV-3862, ECF No. 1, at 24.

[3] On October 19, 2016, counsel for both parties stipulated that Mr. Perez has not entered into any private settlement of his claims. See 16-CV-3862, ECF No. 37.

[4] 24 payments of $800.00 total $19,200.00, the total amount that the Defendants have offered to the Plaintiffs.

Order had not been delivered, this Court issued another order on November 17, 2016, granting the Department "until December 2, 2016 to inform the Court whether it wishe[d] to be heard" on this matter. See 16-CV-3862, ECF No. 40. On December 2, 2016, the Secretary informed this Court that the Department would like to submit a position on this matter and requested an additional 40 days to submit an amicus letter brief. See 16-CV-3862, ECF No. 41. This Court granted the Secretary's request on December 5, 2016 and gave the Secretary until January 13, 2017 to file its submission. See 16-CV-3862, ECF No. 42.

**Discussion**

The Secretary submits that an FLSA plaintiff may not accept from a private employer a Rule 68(a) offer of judgment that terminates her claim with prejudice unless a district court approves of or the Department supervises the resulting agreement. The FLSA is a "uniquely protective statute," Cheeks, 796 at 207, that precludes employees from waiving or compromising their rights to unpaid wages or damages by private agreement with their employers unless a court approves of or DOL supervises the agreement. Although Rule 68 does not include an exception similar to the language in Rule 41(a)(1)(a)(ii) examined by the Second Circuit in Cheeks, which makes a stipulated dismissal "subject to . . . any applicable federal statute," the FLSA non-waiver rule applies to a private settlement agreement under Rule 68 just as it would to a private settlement agreement under Rule 41, or in any other context. An FLSA plaintiff waives her right to bring a subsequent suit for back wages or damages when she accepts a Rule 68(a) offer of judgment that terminates her FLSA claims with prejudice. Accordingly, in FLSA cases, settlement agreements between private parties resulting from Rule 68(a) offers of judgment that terminate employees' claims with prejudice must be subject to the same scrutiny from a court or the Department as any other settlement agreement.

1. The FLSA is a remedial and humanitarian statute, the protections of which may not be waived

The FLSA is a "uniquely protective," "'remedial,'" and "'humanitarian'" statute. See Cheeks, 796 F.3d at 206, 207 (quoting Chao v. Gotham Registry, Inc., 514 F.3d 280, 285 (2d Cir. 2008)). An express policy of the FLSA is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. 202. The Act accordingly establishes a minimum wage, 29 U.S.C. 206(a), "to secure for the lowest paid segment of the nation's workers a subsistence wage," D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 116 (1946). The FLSA also requires the payment of overtime compensation, 29 U.S.C. 207, "to remedy the 'evil of overwork' by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime," Gotham Registry, 514 F.3d at 285 (quoting Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 576-78 (1942)). The statute also provides for up to an "additional equal amount as liquidated damages." 29 U.S.C. 216(b). When an employer fails to comply with its obligations, the Act requires the employer to provide the statutorily mandated compensation "to insure restoration [of its employees]. . . to [the] minimum standard of well-being" contemplated by the Act. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).

3

The Supreme Court has reasoned that in enacting the FLSA, Congress recognized "that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency." Brooklyn Sav., 324 U.S. at 706. Congress thus sought to establish a "uniform national policy of guaranteeing compensation for all work" performed by covered employees. Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers, 325 U.S. 161, 167 (1945). Consequently, the Court has held that "[a]ny custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights." Id. (internal quotation marks omitted). Moreover, the Act applies even "to those who would decline its protections" because "employers might be able to use superior bargaining power to coerce employees . . . to waive their protections under the Act." Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 302 (1985).

2. Waiver of FLSA claims must be approved by a court or supervised by the Department

Consistent with the protective purposes of the FLSA, employees may not waive or otherwise compromise their rights to unpaid wages or damages under the FLSA through private settlements with employers. Rather, the majority view in the Courts of Appeals is that an employee can only enter into a settlement agreement that waives or compromises her FLSA rights if the agreement is approved by a court or supervised by the Department. See Cheeks, 796 F.3d at 205-06; Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982); see also Seminiano v. Xyris Enter., Inc., 602 Fed. App'x 682, 683 (9th Cir. 2015); Copeland v. ABB, Inc., 521 F.3d 1010, 1014 (8th Cir. 2008); Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded by regulation on other grounds as stated in Whiting v. Johns Hopkins Hosp., 416 Fed. App'x 312 (4th Cir. 2011); McConnell v. Applied Performance Techs., Inc., 98 Fed. App'x 397, 398 (6th Cir. 2004); Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986); but see Martin v. Spring Break '83 Productions, L.L.C., 688 F.3d 247, 255 (5th Cir. 2012) (holding that a private settlement agreement and release of FLSA claims reached over a bona fide dispute where employees were represented by their union was enforceable despite the general prohibition against waiver of FLSA claims). This view is based on two seminal Supreme Court cases from the 1940s, Brooklyn Savings and Gangi, both of which interpreted the FLSA to preclude employees from waiving in a private settlement their right to the full amount of unpaid wages and damages required under the FLSA. See 324 U.S. at 713; 328 U.S. at 115.

    a. *Brooklyn Savings and Gangi establish that employees may not enter into private agreements waiving their rights to unpaid wages and damages under the FLSA*

In Brooklyn Savings, a former night watchman had accepted the defendant-Bank's offer to pay him the overtime compensation it determined he was owed in exchange for the watchman's release of all claims under the FLSA. See 324 U.S. at 700. The watchman subsequently brought suit to recover liquidated damages, which had not been paid under the agreement. See id. After determining that the release had not been given in settlement of a bona fide dispute, the Court held that the release was "invalid" and did not bar the watchman's subsequent action seeking liquidated damages. Id. at 704, 713.

4

In reaching its conclusion, the Court rejected the notion that employees can waive their FLSA rights via private agreements with their employers in sweeping terms. According to the Court, "[n]o one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act" – principally, "to aid the . . . employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." 324 U.S. at 707 & n.18. The Court then extended this reasoning to the FLSA's liquidated damages provision, holding that "the same policy considerations which forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages." Id. at 706-07.

The following year, in Gangi, 328 U.S. at 114-15, the Court expanded upon Brooklyn Savings to hold that private settlements of FLSA claims are impermissible even where there is a bona fide dispute over coverage under the Act. The employer in Gangi paid all the overtime compensation it allegedly owed and "obtained a [written] release under seal signed by the [plaintiffs]," but the plaintiffs nevertheless filed suit to collect liquidated damages under the FLSA. Id. at 111-12.

The Court held:

> [T]he remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage. Nor do we need to consider here the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment. The reasons which lead us to conclude that compromises of real disputes over coverage which do not require the payment in full of unpaid wages and liquidated damages do not differ greatly from those which led us to condemn the waivers of liquidated damages in [Brooklyn Savings].

Id. at 114-15 (footnote omitted). Notably, the Court indicated in dicta that stipulated judgments were on surer footing than private settlements, stating that "by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. at 113 n.8 (emphasis added).

> b. *The majority view in the Courts of Appeals is that employees may only settle their FLSA claims if DOL supervises or a court approves of the settlement agreement*

As noted above, Brooklyn Savings and Gangi laid the foundation for the majority view in the Courts of Appeals that an employee may not waive or compromise his FLSA claims in a private agreement with his employer unless the agreement is approved by a court or supervised by DOL. The leading case articulating this rule is Lynn's Food, 679 F.2d at 1352-53. In Lynn's Food, the Department found after an investigation that Lynn's Food had violated the FLSA's minimum wage and overtime provisions and that it was therefore liable to its employees for back wages totaling more than $10,000, as well as liquidated damages. See 679 F.2d at 1352. After Lynn's Food's attempts to negotiate a settlement with DOL failed, Lynn's Food approached its employees directly, offering them $1,000 collectively in exchange for their release of all claims arising under the FLSA. See id. Fourteen Lynn's Food employees signed the agreement, and Lynn's Food subsequently sought a declaratory judgment in district court that the settlement absolved it of any future FLSA liability to the fourteen employees. See id. The Eleventh Circuit

5

affirmed the district court's dismissal of Lynn's Food's action on the ground that the settlements violated the FLSA. See id.

The Eleventh Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food, 679 F.2d at 1352. First, under section 16(c) of the statute – which Congress enacted shortly after Gangi, see Fair Labor Standards Amendments of 1949, Pub. L. No. 81-393, § 14, 63 Stat. 910, 919 (codified at 29 U.S.C. 216(c)) – employees may waive their right to FLSA compensation by accepting payment of unpaid wages if that payment is made under the supervision of the Secretary. See Lynn's Food, 679 F.2d at 1353. Second, when employees bring a private action against their employer under section 16(b), the court may enter a stipulated judgment "after scrutinizing the settlement for fairness." Id. (citing Gangi, 328 U.S. at 113 n.8). Because Lynn's Food's agreements with the employees did not fall within either category, the court held that they could not be approved. See id.

In arriving at its conclusion, the Eleventh Circuit relied on the policy considerations underlying Brooklyn Savings and Gangi: "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." Lynn's Food, 679 F.2d at 1352. The facts in Lynn's Food presented a stark example to the Eleventh Circuit of the result of such unequal bargaining power. See id. at 1354. The employees, some of whom did not speak English, were apparently unaware of the Department's determination that Lynn's Food owed them over $10,000, and a transcript of the settlement proceedings revealed "a virtual catalog of the sort of practices which the FLSA was intended to prohibit," such as the Lynn's Food's representative repeatedly suggesting that the employees were not entitled to unpaid wages and that only "malcontents" would accept the back pay. Id.

The Eighth and Ninth Circuits have endorsed the Lynn's Food rule. See Seminiano, 602 Fed. App'x at 683 (citing a more recent Eleventh Circuit case, Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013), for the proposition that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court"); Copeland, 521 F.3d at 1014 (noting that there are "only two statutory exceptions to [the] general rule" that "FLSA rights . . . cannot be waived[:]" "an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor" or "if an employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment"(citing Lynn's Food, 679 F.2d at 1353)). The Seventh Circuit has as well, explaining that "the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay;" accordingly, "it is necessary to ban private settlements of disputes about pay." Walton, 786 F.2d at 306 (citing Lynn's Food, 679 F.2d at 1352). The Sixth and Fourth Circuits have also acknowledged that waiver of an FLSA claim in a private settlement is prohibited. See Taylor, 493 F.3d at 460; McConnell, 98 Fed. App'x at 398. The Fifth Circuit has articulated a different view, but is in the minority and the court has generally recognized and adhered to the FLSA non-waiver principles. See Martin, 688 F.3d at 255 (upholding a release of FLSA claims brought about by a private settlement between the employer and a union); accord Bodle v. TXL Mortg. Corp., 788 F.3d 159, 164, 165 (5th Cir. 2015) (recognizing that "the general rule

establishes that FLSA claims . . . cannot be waived" and refusing to extend the Martin "exception" to a situation in which an employer attempted to preclude plaintiffs from bringing an FLSA suit based on a waiver obtained in an unrelated state court case where there was no evidence that the unpaid overtime claim was the subject of a bona fide dispute).[5]

Recently, the Second Circuit joined the Eleventh, Ninth, Eighth, Seventh, Sixth, and Fourth Circuits by endorsing the Lynn's Food rule in Cheeks, in the context of stipulated dismissals of FLSA claims entered into pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. See Cheeks, 796 F.3d at 206. In Cheeks, an employee brought a claim for overtime wages, liquidated damages, and attorney's fees under the FLSA and New York Labor Law. Id. at 200. The parties reached a private settlement – the terms of which they did not disclose – and filed a joint stipulation and order of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). Rule 41(a)(1)(A) provides that "[s]ubject to . . . any applicable federal statute," a plaintiff may voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared"; Rule 41(a)(1)(B) permits parties to stipulate to a dismissal with prejudice. The Second Circuit concluded that the FLSA is an "applicable federal statute" under Rule 41(a)(1)(A). Cheeks, 796 F.3d at 206. Accordingly, the court held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect" and remanded the case to the district court. Id. at 206, 207.

The issue the Second Circuit confronted in Cheeks – whether the Lynn's Food rule applies to Rule 41(a) stipulated dismissals – was one of first impression for both the Second Circuit and among the Courts of Appeals. 796 F.3d at 204. The Second Circuit noted that a majority of district courts within the circuit required judicial approval of private FLSA settlements rather than allowing dismissal as a matter of right under Rule 41. Id. at 205. According to the Second Circuit, "[r]equiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" Id. at 206 (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). The court quoted approvingly from Socias v. Vornado Realty L.P., 297 F.R.D. 38 (E.D.N.Y. 2014), which applied the Lynn's Food rule to Rule 41(a)(1) stipulated dismissals, observing that "'[l]ow wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power . . . [and thus] are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly.'" Cheeks, 796 F.3d at 205 (quoting Socias, 297 F.R.D. at 38, 40). The Second Circuit also noted the district court's observation in Socias that "'although employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement, the purposes of FLSA require that it be applied even to those who would decline its protections.'" Id. (quoting Socias, 297 F.R.D. at 41).

---

[5] The Federal Circuit has also recognized that Lynn's Food applies to private-sector employees, but it has held that the same settlement-approval rules do not apply to federal-sector collective bargaining agreements. See O'Connor v. United States, 308 F.3d 1233, 1244 (Fed. Cir. 2002).

7

The Second Circuit further concluded that "the basis on which district courts recently rejected several proposed FLSA settlements . . . underscores why judicial approval in the FLSA setting is necessary." Cheeks, 796 F.3d at 206. In Lopez v. Nights of Cabiria, for instance, the proposed settlement agreement contained "an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues'" and provided for attorney's fees of "'between 40 and 43.6 percent of the total settlement payment'" but did not include "adequate documentation to support such a fee award." Id. (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015)). The court also cited Walker v. Vital Recovery Servs., Inc., 300 F.R.D. 599, 600 n.4 (N.D. Ga. 2014), in which unemployed workers accepted judgment for a minimal sum. The court acknowledged that in many FLSA cases, the potential back wages "'are simply too small, and the employer's finances too marginal,' for proceeding with litigation to make financial sense if the district court rejects the proposed settlement." Id. (quoting Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 377 (E.D.N.Y. 2013)). However, it concluded that any burdens on litigants that result from its holding are outweighed by the "primary purpose" of the FLSA, a "uniquely protective statute," "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Id. at 207 (citing Brooklyn Sav., 324 U.S. at 706-07).

  c. *The Department has consistently maintained that the FLSA is a uniquely protective statute that provides workers with rights that cannot be waived by private agreement with their employers*

The Department has repeatedly expressed its view that FLSA settlements between private parties must be supervised by the Department or approved by a court. Over three decades ago, in response to the employer in Lynn's Food attempting to obtain subsequent judicial approval for the invalid releases it had obtained from its workers, the Department explained that "the only way an employer can obtain judicial sanction of a compromise settlement of the amount of the employees' back wages is by submitting to a court a proposed consent judgment in a §16(b) suit brought by the employees against the employer to recover for alleged FLSA violations." Lynn's Food, Brief for the Sec'y of Labor at 13. In a 1988 Senate hearing on waivers under the Age Discrimination in Employment Act ("ADEA"), the Solicitor of Labor and the Assistant Secretary for the Employment Standards Administration "made clear that the Secretary of Labor does not recognize as valid any waiver of FLSA rights that is not supervised either by the Secretary pursuant to section 16(c) (or, in the case of a private action filed under section 16(b)) by a federal court." H.R. Rep. No. 101-664, at 17-18 (1990) (citing Age Discrimination in Employment Act -Waiver of Rights, S. Hrg. No. 100-717 Before the Subcomm. on Labor of the S. Comm. on Labor & Human Res., at 110-15 (1988)).

The Department reiterated its position regarding FLSA settlements as compared to settlements under other employment statutes in the final rule amending the FMLA regulations in 2008:

> The judicial prohibition against private settlements under the FLSA is based on policy considerations unique to the FLSA. The FLSA is a remedial statute setting the floor for minimum wage and overtime pay. It was intended to protect the most vulnerable workers, who lacked the bargaining power to negotiate a fair wage or

reasonable work hours with their employers. The judicially-imposed restrictions
on private settlements under the FLSA have not been read into other employment
statutes that reference the FLSA and should not be read into the FMLA.

Family & Medical Leave Act of 1993, 73 Fed. Reg. 67,934, 67,987 (Nov. 17, 2008).

The Department addressed the prohibition against waivers of FLSA claims in Boaz v. FedEx Customer Information Services, Inc., 725 F.3d 603, 607 (6th Cir. 2013), where the Sixth Circuit held that an employment agreement could not shorten the statute of limitations for bringing an FLSA claim because that would operate as a waiver of that claim. The amicus brief filed jointly by the Department and the Equal Employment Opportunity Commission reiterated that the "FLSA is unique . . . because it . . . prohibits the private settlement of existing claims absent supervision from the Department of Labor or authorization by a court." Brief for the Sec'y of Labor & Equal Emp't Opportunity Comm'n as Amici Curiae in Support of Plaintiff-Appellant, Boaz v. FedEx Customer Info. Servs., Inc., 725 F.3d 603 (6th Cir. 2013) (No. 12-5319), 2012 WL 2953029, at *19.[6] Most recently, at the Second Circuit's request, the Department submitted a letter brief in Cheeks setting forth the Secretary's position that the FLSA falls within the "applicable federal statute" exception to Rule 41, based on Supreme Court precedent, Congress's subsequent acceptance of that precedent, and the long-standing views of the Department that FLSA rights cannot be waived or compromised without supervision by the Department or approval by a court. See Cheeks, Sec'y of Labor Letter Br., 2015 WL 1814065 (Mar. 27, 2015).

3. Rule 68(a)'s offer and acceptance constitutes a private settlement agreement that must be approved by a court or supervised by DOL to the extent it terminates a private party's FLSA claim with prejudice

A Rule 68(a) offer and acceptance constitutes a private settlement agreement between the parties to resolve an FLSA claim. See generally Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670-71 (2016) (describing how a Rule 68 offer is a settlement offer). Accordingly, just like any other private settlement agreement, an employee may not accept a Rule 68(a) offer of judgment that waives or compromises her FLSA rights unless it is approved by a court or supervised by the Department. Employees risk waiving or compromising their FLSA rights if they accept Rule 68(a) offers of judgment that terminate their claims with prejudice, as agreements that terminate employees' claims with prejudice "'foreclos[e] [their] ability to vindicate any FLSA claim[s] [they] may have by refiling at a later time.'" McGraw v. Courtesy Valet Corp., No. 8:15-cv-1327, 2015 WL 11142628, at *1 (M.D. Fla. Sept. 28, 2015) (quoting Perez-Nunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009)). In both Brooklyn Savings and Gangi, the Supreme Court held that the employee's purported release of all of his FLSA claims in

---

[6] When Congress amended the ADEA in 1990 to include numerous specific requirements governing the waiver of ADEA claims, see Older Workers Benefit Protection Act, Pub. L. 101-433, § 201, 104 Stat. 978, 988 (codified at 29 U.S.C. 626(f)), it was clear that Congress viewed FLSA waivers as distinct from ADEA waivers, in that FLSA rights could not be privately waived absent Department supervision or court approval, see H.R. Rep. No. 101-664, sec. (B)(2) (1990).

9

exchange for payment of back wages from the employer was invalid, and permitted the employee to bring suit against the employer for liquidated damages despite the release. See Gangi, 328 U.S. at 112, 114-15; Brooklyn Sav., 324 U.S. at 713. A Rule 68(a) offer of judgment may thus not be used to terminate an employee's FLSA claim against a private employer with prejudice unless it is approved by a court or supervised by DOL.

Requiring DOL supervision or court approval of Rule 68 agreements that terminate employees' FLSA claims with prejudice is consistent with the purpose of the FLSA "to secure . . . a subsistence wage" for "the lowest paid segment of the nation's workers," "who lack[] sufficient bargaining power to secure [such a wage] for themselves." See Gangi, 328 U.S. at 116; Brooklyn Savings, 324 U.S. at 707 n.18. Through the Rule 68 process, employers may extract "unreasonable, discounted settlement[s]" from their employees. Cf. Cheeks, 796 F.3d at 205. In fact, one of the cases that Cheeks cited as "underscor[ing] why judicial approval in the FLSA setting is necessary," Walker v. Vital Recovery Services, was a Rule 68 case. Cheeks, 796 F.3d at 206. In Walker, several employees accepted offers of judgment from the defendant for as little as $100, despite counsel for the employees' contention that the offers only compensated the employees for one of three potential damage theories, as the employees were "unemployed and desperate for any money they [could] find." 300 F.R.D. at 603, 600 n.4. If anything, Rule 68 provides employers with greater opportunities to leverage their superior bargaining power than ordinary settlement discussions. The Rule 68 process leaves little room for negotiation between the parties; plaintiffs may only accept or reject defendants' offers of judgment and may not make counteroffers or seek clarification. See id. at 602 (citing Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1240-41 (11th Cir. 2002)). And failure to accept a Rule 68 offer may trigger the rule's cost-shifting provision. See id.

On its face, Rule 68(a) is entirely mandatory: when its conditions are met, "[t]he clerk must . . . enter judgment." See Ramming v. Natural Gas Pipeline Co., 390 F.3d 366, 370 (5th Cir. 2004) ("The court generally has no discretion whether or not to enter the judgment. A Rule 68 Offer of Judgment is usually considered self-executing."); Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991) ("[O]nce the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise frustrate the agreement."). But despite the mandatory language, Rule 68 judgments are not altogether automatic. For example, "in the context of class actions, Rule 68 offers of judgment . . . must subsequently be approved by the court after a fairness hearing." Gordon v. Gouline, 81 F.3d 235, 239 (D.C. Cir. 1996) (collecting cases).[7] Although the parties can incorporate injunctive relief into a Rule 68 offer, the court retains its equitable discretion to modify or deny the injunction. See Wright & Miller § 3005 ("Rule 68 offers can be made in cases seeking equitable relief, and they may include provision for a specified injunctive regime. The decision whether to enter any injunction is ultimately within the court's discretion, however."). Moreover, a "district court will not, of course, enter

---

[7] Gordon and the cases it cites concern the role of the court where class representatives have accepted an offer of judgment on behalf of the entire class. Those cases arose in circumstances entirely different from those at issue in Campbell-Ewald, 136 S. Ct. at 670, and related cases, which had to do with the effect of an unaccepted offer of judgment made to a representative plaintiff in a putative class or collective action.

10

judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement." Perkins v. U.S. West Commc'ns, 138 F.3d 336, 338 n.5 (8th Cir. 1998). As one Eleventh Circuit judge has summarized: "There are myriad settings in which a court has an independent duty, much like the duty created by a proposed consent decree, to review the terms of a settlement offer; Rule 68's operation does not relieve the court of that duty." Utility Automation 2000, 298 F.3d at 1250-51 (Marcus, J., concurring). FLSA settlements are simply one such setting where judicial or administrative approval is required before a Rule 68 judgment can be entered.

Numerous district courts have appropriately held that Rule 68 agreements settling FLSA claims between private parties must be approved by a court or supervised by DOL. See, e.g., Walker, 300 F.R.D. at 602; Norman v. Alorica, Inc., No. 11-00433-KD-C, 2012 WL 5452196, at *2 (S.D. Ala. Nov. 7, 2012); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); Luna v. Del Monte Fresh Produce (Southeast), Inc., No. 1:06-CV-2000-JEC, 2008 WL 754452, at *12-13 (N.D. Ga. Mar. 19, 2008). In Walker, where the defendant made offers of judgment of $100 to dozens of unemployed former employees, the district court held that "[d]espite the apparent conflict between automatic entry of judgment of an accepted Rule 68 offer and the requirement in Lynn's Food of judicial approval of FLSA settlements," Rule 68 offers of judgment must be scrutinized for fairness. 300 F.R.D. at 602. In Norman, the district court reached the same conclusion, noting that "although the motion is brought under Rule 68, pursuant to Lynn's Food . . . judicial review and approval of this settlement is still necessary to give it final and binding effect." 2012 WL 5452196, at *2; see Baxter v. Automated Gate Sys., Inc., No. 6:09-cv-350-Orl-18GJK, 2010 WL 3730900, at *2 (M.D. Fla. Sept. 2, 2010) (same). And in Dees, the court held that "[i]f presented in an FLSA action with a notice of settlement, a stipulation for dismissal, an offer of judgment, or the like . . . the district court must determine whether the employee purports to compromise an FLSA right " and then "must scrutinize the compromise for fairness." 706 F. Supp. 2d at 1246-47 (emphasis added) (internal quotation marks omitted). This is consistent with the Eleventh Circuit's recent, post-Lynn's Food cases that continue to require judicial scrutiny of FLSA settlements even where the employee is purportedly receiving all wages due. See Silva v. Miller, 307 Fed. App'x 349, 351 (11th Cir. 2009) (per curiam) ("[o]n its face, Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due"); see also Wolff v. Royal Am. Mgt. Inc., 545 Fed. App'x 791, 795 (11th Cir. 2013) (following Lynn's Food requirement to scrutinize proposed settlement even where the plaintiff accepted an offer for full back wages and liquidated damages).

Several district courts in this Circuit have taken the opposite view. See Arzeno v. Big B World, Inc., No. 15-CV-9724 (JLC), 2016 WL 6885198, at *1 (S.D.N.Y. Nov. 22, 2016); Baba v. Beverly Hills Cemetery Corp., No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016); Barnhill v. Fred Stark Estate, No. 15-CV-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015). In so holding, these courts have emphasized the "mandatory" language of Rule 68(a). See Arzeno 2016 WL 6885198, at *1 ("[O]nce an offer is timely accepted and filed, '[t]he clerk must enter judgment'") (emphasis in original); Baba 2016 WL 2903597, at *1 (characterizing the language of Rule 68 as "absolutely mandatory"); see also Barnhill, 2015 WL 5680145, at *1 ("To hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it.").

However, these district court decisions give insufficient consideration to the protective purpose of the FLSA and the long line of cases prohibiting wholly private settlements of FLSA claims, take an overly narrow view of the "mandatory" nature of Rule 68 and the Cheeks decision, and fail to apply FLSA non-waiver principles to Rule 68 the way the courts have within the Eleventh Circuit. As discussed above, the majority rule in the Courts of Appeals and the longstanding position of the Department is that due to the purpose of the FLSA to remedy the unequal bargaining power between employers and the most marginal segment of the U.S. workforce, an FLSA settlement between private parties must be approved by a court or supervised by DOL. The FLSA is thus unique among employment statutes. See Brief for the Sec'y of Labor & Equal Emp't Opportunity Comm'n as Amici Curiae in Support of Plaintiff-Appellant, Boaz, 2012 WL 2953029, at *19 (noting that the FLSA "prohibits the private settlement of existing claims absent supervision from the Department of Labor or authorization by a court" and that "[t]his limitation on post-dispute waivers of employee rights under the FLSA has not been applied to many other employment statutes").

Cheeks supports this conclusion. Although the question addressed in Cheeks was limited to Rule 41(a) stipulations dismissing FLSA claims with prejudice, its reasoning was much more sweeping. The Second Circuit recognized the "unique policy considerations underlying the FLSA" and concluded that "the basis on which district courts recently rejected several proposed FLSA settlements highlights the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary." 796 F.3d at 206 (emphasis added). Rule 68 simply provides for a particular form of private settlement. The principles enunciated in Cheeks should be applied to a Rule 68 settlement as they are in all other settlements. See, e.g., Peralta v. Soundview at Glen Cove, Inc., No. 11-CV-0867, 2013 WL 2147792, at *1 (E.D.N.Y. May 16, 2013) ("It is well settled in [the Second] Circuit that judicial approval of . . . FLSA settlements is required.").[8]

Pursuant to Rule 68(a), "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). Under the governing law

---

[8] Although Rule 68 requires parties to publicly file their rule 68 agreements, see Fed R. Civ. P. 68(a), such disclosure alone does not assure fairness to FLSA plaintiffs. In the instant case, for example, the Defendants' offer of judgment states that the Plaintiffs are to receive $19,200 over a period of two years. See 16-CV-3862, ECF No. 36-1. However, the offer of judgment does not disclose how that sum is to be allocated among the respective plaintiffs, the percentage that will go to back wages versus liquidated damages, or the share that will go to attorney's fees. On its face, the offer of judgment also appears to represent a significant discount relative to what the Plaintiffs were seeking in their original complaint. In Plaintiffs' May 24, 2016 complaint, the lead Plaintiff alone alleges a pattern of overtime violations that would appear to constitute a significant portion of the $19,200 settlement sum that is intended to cover back wages under the FLSA and New York Labor Law for four workers. See 16-CV-3862, ECF No. 1 at 13-15. This is not to say that the parties' Rule 68 agreement is unreasonable. However, the opacity of the agreement demonstrates the difficulty in ensuring that Rule 68 agreements constitute "reasonable compromise[s] of disputed issues [rather] than mere waiver[s] of statutory rights brought about by an employer's overreaching" absent review. Lynn's Food, 679 F.2d at 1354.

regarding FLSA waivers, and consistent with the approach taken by district courts in the Eleventh Circuit, in order for an FLSA plaintiff to "accept" an offer from a private employer and agree to settle her FLSA claim such that the court must enter judgment dismissing the FLSA claim with prejudice, that offer must first be approved by a court or supervised by DOL. As the district court stated in McGraw, rejecting the argument that Rule 41(a)(1)(A)(ii) is self-executing and therefore mandates dismissal without judicial scrutiny of an FLSA settlement, "the Federal Rules of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement." 2015 WL 1114628, at *1 (internal quotation marks omitted).[9]

**Conclusion**

While the Secretary is sensitive to the potential burdens placed on the Department's own caseload and that of the judiciary, as well as the general interest in efficient resolution of disputes, the unique purpose of the Act – "to secure for the lowest paid segment of the nation's workers a subsistence wage," Gangi, 328 U.S. at 116 – and the unequal bargaining power between employers and employees that is prevalent today, just as it was in 1945 when the Supreme Court first examined these issues, warrant judicial scrutiny of Rule 68 agreements prior to entry of judgments with prejudice.

For the foregoing reasons, the Secretary submits that a court may not enter judgment reflecting a Rule 68 FLSA settlement with prejudice between private parties unless a court approves of it or the Department supervises it.

---

[9] To the extent Rule 68(a) alters the rules by which a court will adjudicate FLSA rights – namely, by terminating an FLSA claim without court approval or DOL supervision of the settlement agreement – this may run afoul of the Rules Enabling Act ("REA"), 28 U.S.C. 2072(b). The REA provides that rules of procedure "shall not abridge, enlarge or modify any substantive right." Id. A rule of civil procedure is valid under the REA if it "governs only 'the manner and the means' by which the litigants' rights are 'enforced'" but is invalid "if it alters 'the rules of decision by which [the] court will adjudicate [those] rights.'" Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010) (Scalia, J., writing for three concurring justices and one justice concurring in the judgment) (quoting Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 446 (1946)). An employee's rights to minimum and overtime wages, liquidated damages, and reasonable attorney's fees under the FLSA go hand in hand with the requirement for court or DOL approval of a private settlement of an FLSA claim. These rights derive from the intent of Congress to establish a "uniform national policy of guaranteeing compensation for all work" and to preclude "[a]ny custom or contract falling short of that basic policy." See Jewell Ridge, 325 U.S. at 167. When "adjudicat[ing] [FLSA] rights," therefore, the ordinary "rule[] of decision" is that private settlements of FLSA claims are invalid unless they are scrutinized by a court or supervised by DOL. See Cheeks, 796 F.3d at 206; see, e.g., Lynn's Food, 679 F.2d at 1352-53. A rule of civil procedure should not alter this longstanding rule of decision.

13

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

JONATHAN KRONHEIM
Counsel for Trial Litigation

LAURA MOSKOWITZ
Senior Attorney

/s/ James M. Morlath
James M. Morlath
Attorney

U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W., Room N-2716
Washington, D.C. 20210
(202) 693-5353