USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
ADRIAN SANCHEZ, MARCOS FERNANDEZ, :
NICOLAS ARMANDO, BALDOMERO PEREZ, :
and ALEJANDRA GARCIA, on behalf of :
themselves, FLSA Collective Plaintiffs, and Class : 16-CV-3862 (VEC)
Members, :
:
Plaintiffs, : OPINION AND ORDER
:
-against- :
:
BURGERS & CUPCAKES LLC, d/b/a :
BURGERS & CUPCAKES, MITCHEL :
LONDON INC., d/b/a MITCHEL LONDON :
FOODS, MITCHEL LONDON, and CARMELA :
LONDON, :
:
Defendants. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Seeking to end-run judicial oversight of settlements of a wage and hour claims brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 210 *et seq.*, the parties to this case have executed an offer and acceptance of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The parties' Rule 68 compromise is opposed by the Department of Labor (the "Department"), which contends that Second Circuit precedent requires Court or Department approval of *all* FLSA settlements, regardless of their form. For the reasons given below, the Court concludes that an FLSA plaintiff's "acceptance" of a Rule 68 offer is invalid unless it is approved by either the Department or this Court.

## DISCUSSION

**1.     Background**

Plaintiffs brought this action seeking to represent a collective comprised of restaurant workers.  Compl. (Dkt. 1) ¶ 14.  Plaintiffs allege that during the class period they were employed as bussers, deliverymen, cooks, and waiters at the individual defendants' restaurants, "Burgers & Cupcakes" and "Mitchel London Foods" and their catering business, "Mitchel London Catering" (collectively, "Burgers & Cupcakes").  Compl. ¶¶ 8, 14.  The Complaint asserts claims under the FLSA for failure to pay minimum wage and overtime.  Compl. ¶ 15.  Plaintiffs also bring New York labor law claims for spread-of-hours violations, and failure to provide notice of wages and regular wage statements.  Compl. ¶ 20.  The Complaint demands back pay, statutory penalties, punitive damages, and costs and fees.  Compl. at 25-26.

On October 19, 2016, Plaintiffs filed a "Notice of Acceptance of Offer of Judgment" pursuant to Rule 68(a).  Dkt. 36.  The Notice purports to accept an offer of judgment made by Burgers & Cupcakes on October 14, 2016.  Burgers & Cupcakes offered the four remaining named plaintiffs an aggregate $19,200 to settle all claims in the case, inclusive of attorney's fees.  Dkt. 36 Ex. 1 ¶ 1.  The offer was made on an "all or nothing" basis – Burgers & Cupcakes was only interested in buying global peace – and provided that the settlement consideration would be paid out in installments over a two-year period.  Dkt. 36 Ex. 1 ¶¶ 2, 4-5.

On October 27, 2016, the Court solicited the Department's views on the application of Rule 68 to putative collective claims under the FLSA.  Dkt. 39.  Ordinarily, FLSA claims may only be settled with the approval of the Department or after a fairness determination by the court.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205-06 (2d Cir. 2015).  Rule 68(a) is a potential loophole through which FLSA claims could be settled without any judicial oversight.  On January 13, 2017, the Department opposed the parties' Rule 68 compromise.  Dkt. 43 (Dep't

Opp."). The Department contends that the rule in *Cheeks* applies equally in this scenario because a Rule 68 compromise is functionally a settlement. Dep't Opp. at 9-11. Plaintiffs filed a response on February 10, 2017. Dkt. 47 (Pls.' Resp.). They take the position that a Rule 68 compromise is unreviewable and that *Cheeks* does not apply. Pls.' Resp. at 4. The Clerk of the Court has been directed not to enter judgment in favor of Plaintiffs pending the Court's resolution of this issue.

**2.      Plaintiffs' "Acceptance" is Invalid**

Courts in this district are divided on whether *Cheeks* applies to a Rule 68 offer and acceptance. *Compare Baba v. Beverly Hills Cemetery Corp.*, No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016) (holding *Cheeks* inapplicable) and *Cantoran v. DDJ Corp.*, No. 15-CV-10041 (PAE), Dkt. 35 (S.D.N.Y. June 2, 2016) (*Cheeks* applies to Rule 68 settlements); *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), Dkt. 18 (S.D.N.Y. Nov. 17, 2015) (same). On its face, Rule 68 requires the Court to enter judgment. In relevant part, the Rule provides: "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms . . . . If . . . , the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance . . . . The clerk *must* then enter judgment." Fed. R. Civ. P. 68(a) (emphasis supplied). As Chief Judge McMahon colorfully explained in *Baba*, applying Rule 68(a) to FLSA claims "gives clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in [FLSA] cases without obtaining court approval – as well as a vehicle for seriously compromising the plaintiff's lawyer-client relationship." *Baba*, 2016 WL 2903597, at *1.[1]

---

[1]      That Rule 68 provides a potential for collusive misuse in FLSA cases is borne out by the record developed by Judge Forrest in *Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), Dkt. 56 (S.D.N.Y. Jan. 10, 2017). In

3

An FLSA plaintiff may not validly "accept" a Rule 68 offer without Department or Court approval under *Cheeks*. This conclusion follows from the Second Circuit's reasoning in *Cheeks* and the contract law principles applicable to Rule 68. Rule 68 does not define "offer" or "acceptance." Nonetheless, a Rule 68 compromise – just like any other settlement – is a contractual agreement, and Courts look to "ordinary contract principles" to ascertain Rule 68's meaning. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 95 (2d Cir. 2004) ("Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." (quoting *Goodheart Clothing Co. v. Laura Goodman Enter., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992))). And, like any contract, a Rule 68 compromise must have a valid offer and a valid acceptance. *See Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) ("In determining whether an offer is proper under Rule 68, courts will apply traditional principles of contract construction."); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) ("To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." (quoting *Louros v. Cyr,* 175 F. Supp. 2d 497, 512 n.5 (S.D.N.Y. 2001))). To that end, for example, a Rule 68 settlement is invalid when the defendants' attorney "did not have authority to make a valid offer of judgment." *Marnell v. Carbo*, 499 F. Supp. 2d 202, 207-08 (N.D.N.Y. 2007).

FLSA claimants – even those represented by counsel – are no more able validly to "accept" a settlement offer via Rule 68 than they are validly to accept an offer of a private settlement pursuant to Rule 41. The FLSA is a uniquely protective statute, intended to "extend

---

response to a directive from the Court, the parties in *Hernandez* submitted records of their correspondence in the days leading up to their offer and acceptance of a Rule 68 compromise. *Id.* at 4-5. The parties' communications established that they intended to use Rule 68 as a means to circumvent judicial scrutiny of their settlement. *Id.* at 7 ("I just want to confirm that my client anticipates agreeing to either a Rule 68 or a withdrawal without prejudice so you can avoid the scrutiny the judges think the FLSA requires"), 8 ("Do we want to put the judge on notice of a settlement? If we turn around and dismiss without prejudice or file an[] accepted offer of judgment, is she going to inquire further?").

the frontiers of social progress by insuring to all [] able-bodied working men and women a fair day's pay for a fair day's work." *Cheeks*, 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  Recognizing the lopsided relationship between employer and employee and the potential for collusive settlements to render the FLSA's protections a dead letter, the Second Circuit requires judicial oversight of FLSA settlements.  *See id.*  "Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power . . . [.]  [They] are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly."  *Id.* at 205 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014)).  In other words, under *Cheeks*, FLSA claimants do not have authority to compromise their claims without judicial or Department oversight.[2]  In contractual terms, FLSA plaintiffs lack capacity to enter into a binding agreement with the defendant that is not conditioned on court or Department approval.  *Cf.* Restatement (second) of Contracts § 12(1) ("Capacity to contract may be partial and its existence in respect of a particular transaction may depend upon the nature of the transaction or upon other circumstances.").[3]

The Clerk of the Court's mandatory obligation to enter judgment pursuant to Rule 68(a) presupposes a valid offer and acceptance.  *Cf. Stewart v. Prof'l Comput. Ctrs., Inc.*, 148 F.3d 937, 940 (8th Cir. 1998) ("Since there was no valid offer and acceptance under Rule 68, exceptional circumstances justify relief from the judgment under Rule 60(b) . . . .").  Because in

---

[2] This rule is paternalistic, but it is long-lived and well-settled.  *See, e.g.*, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (employees may not waive protections of the FLSA); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946) (private settlements of FLSA claims not permitted).

[3] Put differently, such an agreement is unenforceable absent court approval. *Cf. Gordon v. Gouline*, 81 F.3d 235, 239-40 (D.C. Cir. 1996) (Bankruptcy trustee's Rule 68 compromise is unenforceable without court approval). An analogous rule applies to settlements with minors under New York law.  *See Jacobs v. United States*, No. 08-CV-8061 (KNF), 2012 WL 591395, at *3 (S.D.N.Y. Feb. 22, 2012) (settlement unenforceable without court approval pursuant to New York Civil Practice Law and Rules §§ 1207 and 1208).

this case Plaintiffs lacked capacity to accept Burgers & Cupcakes's offer of judgment without Department or court approval there was no valid offer and acceptance and the parties' Rule 68 compromise is ineffective.

## CONCLUSION

The Clerk of the Court is directed not to enter judgment in this case. The parties may, if they wish, submit their settlement for court approval pursuant to *Cheeks*. If the settlement is not submitted to the Court for a fairness determination on or before **March 24, 2017**, the parties are directed to appear for a status conference with the Court at **10:00 a.m. on April 7, 2017**.

**SO ORDERED.**

Date:  **March 16, 2017**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**